IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS J. DeMAIO, Esq. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-15-323 |
| U.S. OFFICE OF PERSONNEL MANAGEMENT | * | |
| | * | |
| Defendant | | |
| | *** | |

## MEMORANDUM

On February 4, 2015, Louis J. DeMaio filed a "Petition to Compel Respondent to Rollover of Voluntary Contribution to Private IRA." (ECF 1). DeMaio, who identifies himself as a former federal attorney with the Department of Treasury Internal Revenue Service, requests that this court compel Katherine Archuleta, Director of the Office of Personnel Management ("OPM") to rollover the balance of his federal voluntary contribution account to his Individual Retirement Account. On February 19, 2015, the court granted DeMaio granted twenty-one days to complete a US Marshal for in order to assist with service of process on defendant.[1]

On March 23, 2015, DeMaio submitted a filing titled "Motion to Rescind Order and Issue a Writ of Mandamus," in which he asks the court to rescind its February 19, 2015, order and "replace it with a Writ of Mandamus" to release the proceeds to his IRA account. (ECF 4). He explains the Washington OPM office has refused to release the proceeds to his IRA for over seven months. *Id.*

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its

---

[1] DeMaio names only U.S. Office of Personnel Management as defendant. *See* Fed. R. Civ. P. (i) (prescribing how to obtain service on the United States, its agencies, officers, and employees).

agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

The issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Oregon Nat. Resource Council v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

In this case, service has not been obtained on defendant, and DeMaio does not address whether the three requisites for issuance of the writ are satisfied. DeMaio does not demonstrate a clear legal right to the relief he is seeking or show no other adequate remedy available to him. Notably, he fails to indicate whether he has availed himself of administrative avenues to obtain

relief. He provides insufficient information for this court to assess whether OPM officials have a clear legal duty to execute the action he is requesting.

In sum, DeMaio provides no grounds for mandamus relief, and his motion for issuance of a writ of mandamus will be denied and dismissed without prejudice. Furthermore, as DeMaio provides no grounds for relief, the case will be denied and dismissed without prejudice. A separate order follows.

_3/31/15_
Date

_____
J. Frederick Motz
United States District Judge